Pierson R. Hildreth, S.
The administrator applies for an order to sell two parcels of real property, one of vacant land and one improved, which were owned by decedent at death.
Decedent died intestate possessed of both real and personal property, and leaving her husband surviving as her sole distributee. The personal property is insufficient to provide funds to pay debts and administration expenses. The administrator has entered into contracts of sale of bbth parcels subject *1005 t.o the approval of the court. The sole distributee has filed a consent to the sale of both parcels according to the contracts, and that the administrator be authorized to sell both parcels to provide funds to pay debts.
However, the proof shows that while the funds realized from sale of the parcel which is vacant would be insufficient to meet the deficiency of personal assets, yet the funds realized from the sale of the improved parcel are well in excess of the amount required to pay debts.
Title to the real property vested in the surviving husband as sole distributee immediately on death. Except as authorized by statute, the administrator does not control or possess powers over decedent’s real property. A sale for payment of debts and administration expenses is one of the authorized purposes under section 234 of the Surrogate’s Court Act.
In this case however, since the proceeds from sale of the improved parcel are more than ample for the purpose, there would be no necessity or power to sell the other parcel for the purpose of paying debts or administration expenses.
Accordingly, the sale of the improved parcel, described in the petition as the “ First Parcel ”, will be directed in accordance with the terms of the contract. The application of the administrator to sell the other parcel, described as “ Second Parcel ”, must be denied. It would appear that the sole distributee, as the owner, could sell such parcel if he so desires.